```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FOOD SCIENCES CORPORATION d/b/a ROBARD CORPORATION,  Plaintiff,  v.  WILLIAM M. NAGLER,  Defendant. | HON. JEROME B. SIMANDLE  Civil No. 09-1798 (JBS/KMW)  **MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

This matter is before the Court on three related motions: Defendant, Dr. William M. Nagler, moves to dismiss that portion of the Amended Complaint seeking a permanent injunction [Docket Item 56]; Plaintiff, Food Sciences Corporation doing business as Robard Corporation, moves for voluntary dismissal of the entire action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, dismissing this action with prejudice and with the parties to bear their own respective costs and attorneys' fees [Docket Item 57];[1] and Defendant cross-moves to modify the terms of the dismissal and impose as a condition on dismissal

---

[1] Although Plaintiff initially captioned its motion as a motion for involuntary dismissal, both the context of the motion and brief (as well as Plaintiff's later explicit clarification) make clear that it was a motion for voluntary dismissal. The Court has also considered Defendant's sur-reply in support of its cross-motion for costs and attorneys' fees as a condition of dismissal with prejudice [Docket Item 62] because it was Defendant's first opportunity to address the clarification in Plaintiff's reply brief.

Plaintiff's payment of Defendant's costs and legal fees [Docket Item 58].

The context of these cross-motions can be summarized succinctly. In its original Complaint, Robard sued Dr. Nagler based on Nagler's practice of selling Robard's Nutrimed dietary food supplements through his website without Robard's authorization. Robard had previously terminated Nagler as an authorized distributor in part because of Nagler's practice of selling Nutrimed products over the internet, which Robard does not permit. Robard contended that Nagler's post-termination online sales of Nutrimed products as "Dr. Nagler's Diet Foods" created customer confusion regarding whether Nagler was still an authorized distributor of the Nutrimed products. On or about February 9, 2009, Nagler added a disclaimer to his website telling customers he is not sponsored by or affiliated with Robard.

This Court's March 22, 2010 Opinion and Order dismissed the Complaint as originally pleaded, holding that Nagler's sale of Nutrimed products by name on Nagler's website did not, without more, state a claim for sponsorship confusion, and the Court dismissed all claims (trademark infringement, false designation of origin, and unfair competition under New Jersey law) without prejudice to Robard's right to file an Amended Complaint to add the allegations necessary to state such claims.

2

Robard moved for leave to file an Amended Complaint, and the Court permitted the proposed Amended Complaint to go forward in part (with respect to the allegations of pre-disclaimer sponsorship confusion), but determined that claims regarding post-disclaimer confusion are futile and would not be permitted. [Docket Item 46 "Oct. 20, 2010 Opinion" at 23-24.]  The ensuing Amended Complaint nonetheless included a claim seeking permanent injunctive relief as a remedy for Nagler's conduct, both pre-disclaimer and post-disclaimer, notwithstanding the Court's finding that a claim directed at the post-disclaimer conduct is futile.

Dr. Nagler now moves to dismiss the claim for a permanent injunction, Robard moves for voluntary dismissal of the entire action, and Nagler cross-moves to modify the terms of the dismissal and impose as a condition on dismissal Plaintiff's payment of Defendant's costs and legal fees.

The principal issue is whether Robard's voluntary dismissal of its claims, with prejudice, should include a condition that Robard also pay Nagler's attorneys' fees and costs pursuant to Rule 41(a)(2), Fed. R. Civ. P.  The Court finds as follows:

1.  After the filing of an answer or a motion for summary judgment, an action may be dismissed by stipulation of all parties who have appeared or "at the plaintiff's request only by court order, on terms that the court considers proper."  Rule

41(a)(2), Fed. R. Civ. P.  Since this a motion to dismiss with prejudice, and since Defendant agrees that dismissal is proper, dismissal will be granted.

    2.  Because the action will be dismissed with prejudice, the motion to strike the claim for a permanent injunction from the Amended Complaint will be dismissed as moot.

    3.  The only other question is whether, as a condition of dismissal, to shift to Plaintiff the fees and costs of this suit incurred by Defendant.  Defendant complains that Plaintiff is just seeking to avoid Rule 11 sanctions, since the Amended Complaint sought relief foreclosed by this Court's previous Order of October 20, 2010, which specifically found Plaintiff's claim for post-disclaimer relief to be futile and impermissible in any amended pleading.  Defendant argues that dismissal without fee shifting would unfairly reward Plaintiff since Plaintiff has forced Defendant to defend this lawsuit that Plaintiff regards as having been meritless from the start.

    4.  Even if the Court agreed with Defendant that Plaintiff's claims in either the Complaint or Amended Complaint were frivolous, the Court would not award Defendant fees and cost as a condition of voluntary dismissal absent some other extraordinary circumstances.  Defendant relies on outdated precedent from the 1980s with respect to Rule 11 to argue that the Court should require payment of fees and costs as a condition for permitting

the voluntary dismissal of putatively frivolous claims.  The extensive 1993 amendments to Rule 11 adopted a new policy on sanctions, including a provision for a safe harbor against sanctions where a claim is voluntarily dismissed in response to a Rule 11 notice from the adversary.  Rule 11(c)(2), Fed. R. Civ. P.  Furthermore, the Rule now explicitly declares that "The Court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal."  Rule 11(c)(5), Fed. R. Civ. P.  The rules were designed so that "the timely withdrawal of a contention will protect a party against a motion for sanctions."  Id. cmt. to 1993 Amendments subdivisions (b) and (c).  In this case, Plaintiff moved to voluntarily dismiss the case before this Court ordered Plaintiff to show cause, and before Defendant moved for sanctions.

	5.	The text of Rule 11 does not necessarily modify the Court's power to condition withdrawal under Rule 41, but it does reflect the federal courts' modern policy when balancing the competing goals of encouraging permissive withdrawal of meritless claims and discouraging their initial filing.  Many courts including the Tenth Circuit Courts of Appeals have held that a court cannot impose fee-shifting conditions on voluntary dismissal with prejudice absent extraordinary circumstances beyond the mere dismissal with prejudice of a claim that was

frivolous.  See Charles Alan Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. § 2366 n.16-18 (3d ed.) (collecting cases); AeroTech, Inc. v. Estes, 110 F.3d 1523, 1527 (10th Cir. 1997) ("Today, we continue to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances.").  Consistent with that balancing of the relevant interests, in this case the Court will not condition withdrawal on payment of fees and costs.

  6.  Two other factors counsel against an award of costs and fees here.  First, Plaintiff is voluntarily dismissing with prejudice its entire Amended Complaint, including pre-disclaimer claims that this Court previously permitted when it denied Defendant's Rule 12(b)(6) motion on October 20, 2010.  Because those pre-disclaimer claims had a plausible basis in factual allegations, an award of costs and fees for defense would be inappropriate and disproportional to the harm incurred from defending the post-disclaimer claims.  Second, in seeking an injunction against a resumption of infringing conduct (such as against a cessation of Defendant's use of the court-approved disclaimer), Plaintiff argues that Defendant cannot meet its heavy burden of showing that future infringement is "practically speaking, nearly impossible," Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 800 (4th Cir. 2001), which is an application of the well-accepted doctrine of injunctive relief

6

that "[t]he court's power to grant injunctive relief survives discontinuance of the illegal conduct" since the "purpose of an injunction is to prevent future violations," <u>United States. v. W.T. Grant Co.</u>, 345 U.S. 629, 633 (1953). While Defendant, in response, strongly asserts its intention to continue to employ the prominent disclaimer on its website in connection with its sales of Robard's products, the Court does not find that Plaintiff's arguments for future injunctive relief are so frivolous or unfounded in law as to warrant the sanction of fee shifting for the entire case under Rule 41(a).

7. The most troublesome aspect of Plaintiff's litigation strategy is that Plaintiff did not simply dismiss its claims for post-disclaimer relief, choosing instead to file opposition to Defendant's dismissal motion [Docket Item 59], which could have avoided this dispute about the good faith of such claims. Nonetheless, Plaintiff had already filed its motion for voluntary dismissal of the entire case with prejudice three weeks earlier [Docket Item 57], just one day after Defendant's motion to dismiss the post-disclaimer injunction. Greater cooperation could have ended this case several months sooner.

8. In summary, Plaintiff's motion to voluntarily dismiss this case with prejudice will be granted without further conditions, as Defendant has not shown the kind of extraordinary circumstances necessary to condition such dismissal on payment of

7

fees and costs.  The Court will deny Defendant's cross-motion for the same reason, and this dismissal moots the pending motion to dismiss part of the Amended Complaint.  The accompanying Order will be entered.

**June 2, 2011**                                      **s/ Jerome B. Simandle**
Date                                                  JEROME B. SIMANDLE
                                                      United States District Judge